IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES DEAN EGY,

    Petitioner,                     No. CIV S-10-2931 DAD P

    vs.

SUPERIOR COURT OF
SACRAMENTO COUNTY, et al.,

    Respondents.                  ORDER

/

        Petitioner, a state prisoner proceeding pro se, has filed a document styled, "Petition For Writ Of Mandate/Prohibition." (Doc. No. 1.) Petitioner has consented to magistrate judge's jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. No. 5.) Although petitioner has not paid the filing fee or filed an application to proceed in forma pauperis[1], the court has reviewed his petition and finds that it is defective and that this action should be dismissed.

        In his petition, petitioner contends that on December 23, 2009, he filed a motion in the Sacramento County Superior Court requesting the appointment of counsel and that he

---

[1] Petitioner has submitted only a trust account statement from the Salinas Valley State Prison. This is insufficient for the court to grant petitioner leave to proceed in forma pauperis.

1

receive DNA testing. Petitioner asserts that he has not received any response to his motion from the Sacramento County Superior Court. Petitioner seeks an order from this court prohibiting the state courts from taking any further action on his criminal case and vacating "their prior erroneous and excessive ruling[.]" (Doc. No. 1 at 4.) Petitioner also seeks an order from this court compelling the state trial court "to turn over to Petitioner the COMPLETE records required for adequate case review as they prove Petitioner's Factual Innocence[.]" (Id.)

The federal mandamus statute, 28 U.S.C. § 1361, provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A petition for a writ of mandamus "to compel a state court or official to take or refrain from some action is frivolous as a matter of law." Demos v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir. 1991). See also Bourn v. California, No. CIV S-10-3067 GEB EFB PS, 2011 WL 1459161 at *2 (E.D. Cal. April 15, 2011) ("In a mandamus action, the court can only issue orders against employees, officers or agencies of the United States."). Therefore, petitioner's writ of mandamus/prohibition will be denied.

In addition, the court's records reveal that petitioner previously filed a petition for a writ of habeas corpus challenging his 1999 conviction. See Egy v. Evans, CIV S-08-0694 GEB GGH P.[2] On March 26, 2009, the court granted respondents' motion to dismiss that federal habeas action as untimely and the case was closed. Although it does not appear that the pending petition for writ of mandate/prohibition seeks to challenge petitioner's 1999 judgment of conviction, should petitioner seek to challenge that conviction again with a habeas action, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the second or successive application. See 28 U.S.C. § 2244(b)(3);

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

see also McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) ("dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders a subsequent petition second or successive for purposes of AEDPA, 28 U.S.C. § 2244(b).").

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's November 1, 2010 petition for writ of mandate/prohibition (Doc. No. 1) is denied; and

2. This action is closed.

DATED: November 9, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
egy2931.156